UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINA MONACO

    Plaintiff,

    v.

LIBERTY LIFE ASSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 06-7021 PJH

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants' motion for partial summary judgment came on for hearing before this court on April 9, 2008. Plaintiff appeared by her counsel Charles M. Miller and James A. Hertz, and defendants appeared by their counsel Robert Forni. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS defendants' motion as follows and for the reasons stated at the hearing.

This is a case challenging denial of disability benefits. Plaintiff Regina Monaco alleges breach of contract and breach of the implied covenant against defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Liberty Mutual Insurance Company ("Liberty Mutual"), based on Liberty Life's denial of two separate claims for disability benefits under a group disability policy issued by Liberty Life to the University of California.

Plaintiff was insured under the Liberty Life policy at two different times for two different periods of employment, three years apart – the first time while employed at Lawrence Livermore National Laboratory, and the second time while employed at the University of California at Santa Cruz. Plaintiff's two claims are referred to in this litigation

as "the Lawrence Livermore claim" and "the Santa Cruz claim."  In the FAC, plaintiff asserts four causes of action – (1) breach of contract as to the Lawrence Livermore claim, (2) breach of the implied covenant as to the Lawrence Livermore claim, (3) breach of contract as to the Santa Cruz claim, and (4) breach of the implied covenant as to the Santa Cruz claim.

Defendants now seek summary judgment as to the first two causes of action, arguing that they are time-barred because plaintiff's last day of work at Lawrence Livermore National Laboratory was June 1, 2000, and she did not file the present lawsuit until October 4, 2006.

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. <u>Id.</u>

In California, claims for breach of written contract must be filed within four years of the date of the alleged breach, and bad faith actions sounding in tort are subject to a two-year statute of limitations.  Cal. Civ. P. Code §§ 337(1); 339(1).  Defendants assert that plaintiff's claims accrued, and the statute of limitations began to run, on December 15, 2000, when Liberty Life notified plaintiff that her Lawrence Livermore claim had been denied.

Plaintiff contends that this claim is not controlled by the limitation periods in the California Code of Civil Procedure, but rather by the limitation period set forth in the policy. The policy provides that

> [a] claimant or the claimant's authorized representative cannot start any legal action:
>
> 1. until 60 days after proof of claim has been given; or
> 2. more than three years after the time proof of claim is required.

Plaintiff argues that this 3-year contractual limitation on claims is controlling, and that

2

because it is a valid provision of the contract, it supersedes any general statutes of limitation.

Plaintiff asserts that under California Insurance Code § 10350.11, a contractual limitation provision is required to be included in every disability policy,[1] and contends that, under California law, where the parties to an insurance contract agree to a specific limitations period, the policy is governed by that limitations period, rather than by the applicable statute of limitations.

Plaintiff also contends, however, that she is not bound by the contractual limitations period, because she was unaware of its existence until shortly before she filed the present action. She asserts that California insurance regulations require that an insurer must disclose to anyone covered under an insurance policy that a particular provision of the policy places time limitations on claims. In support, she cites two provisions of Title 10 of the California Code of Regulations – § 2695.4 and § 2695.7(f).

Section 2695.4 provides that any insurer must disclose to a first party claimant or beneficiary "all benefits, coverage, time limits, or other provisions of any insurance policy . . . issued by the insurer that may apply to the claim presented by the claimant." Section 2695.7(f) provides that "every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim" to an unrepresented claimant with whom the insurer is negotiating not less than sixty days prior to the expiration date.

Plaintiff argues that her position is supported by Mogck v. Unum Life Ins. Co. of America, 292 F.3d 1025 (9th Cir. 2002). Plaintiff claims that in that case, the Ninth Circuit considered the same regulations and policy language that is virtually identical to the language involved here, and considered whether the insurer had made an adequate

---

[1] Insurance Code § 10350.11 "is one of several Compulsory Standard Provisions" required by California law to be included in 'each disability policy delivered or issued for delivery to any person' in California." Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Prog., 222 F.3d 643, 647 (9th Cir. 2000). The language in the Liberty Life policy mirrors the compulsory language set forth in § 10350.11.

request for proof from the plaintiff and given adequate notice of the contractual limitations period. She asserts that the Ninth Circuit found that the insurer had not, and therefore held that the insurer never took steps necessary to trigger the running of the contractual limitation under the policy. Plaintiff also contends that California courts reached the same conclusion in Spray, Gould & Bowers v. Assoc. Int'l Ins. Co., 71 Cal. App. 4th 1260 (1999); and Neufeld v. Balboa Ins. Co., 84 Cal. App. 4th 759 (2000).

Defendants argue that they owed plaintiff no duty to advise of any time bars, and that § 2695.7(f) requires insurers to provide written notice to unrepresented claimants of any statute of limitations or other time period requirement on which the insurer may rely to deny an insurance claim – not to defeat a subsequent lawsuit arising from the denial of the claim.

They also contend that plaintiff's reliance on Spray and Neufeld is misplaced, as both those cases held that an insurer could be estopped from raising a contractual time limitation in a policy if the insurer had not disclosed the time limits that might apply to claims presented by the claimant. Neither case addressed the issue of statutes of limitations, or held that § 2695.4 required disclosure of statutory limitations periods.

The court finds that the motion must be GRANTED. The first and second causes of action are time-barred under the applicable statutes of limitation. Plaintiff offers no authority in support of the proposition that she may ignore the statutory statutes of limitation applicable to her action for an indefinite period, simply because defendants did not advise her of the policy's contractual limitation period.

Courts have held that under California law, actions involving insurance contracts must satisfy all applicable contractual and statutory limitations, and that insurers may still assert statutory limitations even if they have waived the right to assert contractual limitations. See Chuck v. Hewlett Packard Co., 455 F.3d 1026, 1033-34 (9th Cir. 2006); see also Wetzel, 222 F.3d at 650; Heighley v. J.C. Penney Life Ins. Co., 257 F.Supp. 2d 1241, 1258 (C.D. Cal. 2003).

In any event, defendants are not seeking summary judgment on the ground that the

4

1 action is time-barred under the contract, but rather that it is time-barred under the
2 applicable statutes of limitation.  While failing to advise of a plan's terms and conditions
3 (including a contractual limitations period) might prevent a contractual limitations period
4 from running, it will not prevent a statutory limitations period from running.  See Chuck, 455
5 F.3d at 1033.

6 Thus, the court does not agree that the contractual limitation "supersedes" the
7 statutory limitation period.  Insurance Code § 10350.11 provides a "contractual limitations
8 period[ ] which operate[s] distinct and apart from the statutory limitations period set by the
9 state legislature."  Wetzel, 222 F.3d at 648 (emphasis omitted).  In other words, a reviewing
10 court must first determine whether plaintiff's suit complies with actual statutes of limitations,
11 and, if so, then determine whether plaintiff's suit complies with § 10350.11, as a term read
12 into the policy.  Id. at 650; Heighley, 257 F.Supp.2d at 1258.  The fact that a policy contains
13 a contractual limitations period does not mean that the statutes of limitations fall by the
14 wayside.

15 Nor do the regulations cited by plaintiff relieve her from her obligation to file suit
16 within the time mandated under the applicable statutes of limitation.  Section 2695.7(f)
17 requires insurers to provide written notice to unrepresented claimants of any statute of
18 limitations or other time period requirement on which the insurer may rely to deny an
19 insurance claim – not to defeat a subsequent lawsuit arising from the denial of the claim.
20 See Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 49 (1999).

21 Section 2694.4 requires insurers to disclose all material provisions in the policy that
22 may apply to a claim made by the claimant.  If an insurer fails to do so, the insurer may be
23 estopped from relying on that provision in denial of an insured's claim for benefits.  See
24 Spray, 71 Cal. App. 4th at 1269 (1999); Neufeld, 84 Cal. App. 4th at 761-64.  In other
25 words, the regulation applies to time limits within the policy.  See Juarez v. 21st Cent. Ins.
26 Co., 105 Cal. App. 4th 371, 375-76 (2003).  Whether or not defendants disclosed all the
27 material provisions to plaintiff is irrelevant for purposes of determining whether this action is
28 barred by the statutes of limitations contained in the California Code of Civil Procedure.

Nor does the Ninth Circuit's decision in <u>Mogck</u> apply to the situation here. In that case, an ERISA action, the plaintiff received disability benefits for two years before the insurer terminated the benefits. In its correspondence to the plaintiff advising of its decision to terminate benefits, the insurer failed to trigger the three-year contractual limitations provision set forth in the policy because it neglected to request "proof of claim" from the plaintiff, notwithstanding that the term was used in the policy.

In addition, however, the court specifically stated that the plaintiff's claims were not time-barred under the four-year statute of limitations applicable to ERISA actions. <u>Mogck</u>, 292 F.3d at 1028. The only question was whether plaintiff's claims were barred under the three-year contractual limitations provision (the same provision that is included in the Liberty Life policy here).

The Ninth Circuit held only that the insurer could not rely on the contractual provision because it had not provided plaintiff with the correct information regarding submitting a proof of loss. <u>Id.</u> at 1028-29. Contrary to plaintiff's assertion, the court did <u>not</u> hold that a contractual limitations provision supersedes a statute of limitations, and did <u>not</u> hold that where, for some reason, a contractual limitations provision is found to be invalid or inapplicable, a plaintiff then has as long as he/she wishes to file suit, regardless of the applicable statutes of limitations.

In accordance with the foregoing, the court finds that summary judgment must be GRANTED as to the first and second causes of action in the first amended complaint.

**IT IS SO ORDERED.**

Dated: April 15, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

6